IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JASON A. POWERS                                                                                    PLAINTIFF

V.                                              NO. 15-3011

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Jason A. Powers, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on August 14, 2013, alleging an inability to work since August 1, 2012, due to "depression; anxiety; suicidal thoughts, taking meds and counselling; panic attacks; back pain; arms/legs pain with numbness; ptsd; stresses to [sic] easily around people or phone; reading and writing disability; was in special ed; does not do well with changes." (Tr. 85-86, 216-229, 253). An administrative hearing was held on November 6, 2014, at which Plaintiff appeared with counsel, and he and his wife testified. (Tr. 32-84).

By written decision dated December 10, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

1

bilateral carpal tunnel syndrome status post release on the left; degenerative disk disease of the lumbar spine; plantar fasciitis of the right lower extremity; depression; and anxiety. (Tr. 35). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can frequently, but not repetitively, grasp, handle and finger. He can do work involving simple tasks and simple instructions with only incidental contact with the public.

(Tr. 18). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be unable to perform his past relevant work, but there were other jobs Plaintiff would be able to perform, such as price marker, plastics molding machine tender, and hotel housekeeper. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional information, and denied that request on March 12, 2015. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a

2

reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the

impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520; 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §§ 404.1520; 416.920.

## III.    Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the case should be remanded because the Appeals Council failed to remand the case based on additional evidence; 2) Whether the ALJ erred in failing to properly consider Plaintiff's mental impairments in his RFC; and 3) Whether the ALJ erred in his credibility analysis. (Doc. 12).

### A.  Additional Evidence before the Appeals Council:

The ALJ's decision is dated December 10, 2014. One week prior to the decision, on December 3, 2014, Dr. Shannon Brownfield, Plaintiff's treating physician since April of 2013, completed a Physical Medical Assessment Questionnaire with Manipulation Hands and Legs Limitations. (Tr. 810). The ALJ did not discuss the questionnaire in his decision, and the Appeals Council had this questionnaire before it when it denied Plaintiff's request for review. (Tr. 2). Plaintiff argues that Dr. Brownfield's December 2014 capacity assessment establishes that he is disabled, and that the Appeals Council erred by denying review.

The Appeals Council considered the additional evidence and concluded it did not provide a basis for changing the ALJ's decision. (Tr. 2).  When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner.  The Court then has no jurisdiction to review

4

the Appeals Council's action because it is a nonfinal agency action.  See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ.  As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997).  Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

The Court has reviewed the entire record, and although Dr. Brownfield opined that Plaintiff had severe limitations, the Court believes that had the ALJ considered Dr. Brownfield's opinion, it would not have changed the result and there was substantial evidence to support his decision.

The Court first notes that at Plaintiff's visits to Dr. Brownfield in 2014, Dr. Brownfield diagnosed Plaintiff with: dyspepsia and depression with anxiety (Tr. 651); pharyngitis (acute)(Tr. 653); GERD, abdominal pain epigastric, BMI 31.0-31.9, ADULT (Tr. 655); GERD, hypogonadism, testicular (Tr. 751); parotitis, NOS, retention of urine, unspecified (Tr. 753); excoriation, contusion of foot, anxiety disorder, NOS (Tr. 755); and sinusitis frontal, obstructive sleep apnea. (Tr. 757). None of these 2014 records indicate that Dr. Brownfield treated Plaintiff for any significant orthopedic problems. In 2013, Dr.

Bownfield treated Plaintiff's complaints of back pain with conservative measures. (Tr. 645-646). In addition, on February 25, 2014, Dr. Brownfield reported that Plaintiff had normal range of motion of the cervical spine. (Tr. 655). The Court therefore believes that Dr. Brownfield's December 2014 opinion is inconsistent with his previous medical records, and the ALJ would have been warranted in discounting, or even disregarding Dr. Brownfield's opinion. See Knox v. Colvin, No. 14-3891, 2016 WL 362240 at *2 (8th Cir. Jan. 29, 2016) quoting from Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015).

Based upon the foregoing, the Court finds that had the ALJ considered Dr. Brownfield's opinion, it would not have changed the result, and there is substantial evidence to support the ALJ's decision.

### B. Credibility Analysis:

Plaintiff argues that his normal daily activities do not diminish his credibility and that the ALJ failed to consider the side effects of Plaintiff's medication. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See id. While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ recognized that Plaintiff's subjective allegations must be considered, giving careful consideration to the nature, location, onset, duration, frequency, radiation and intensity of any pain; precipitating and aggravating factors; type, dosage, effectiveness and adverse side-effects of any pain medications; treatment, other than medication, for relief of pain; functional restrictions; and daily activities. (Tr.l 19). He also indicated that any other factors concerning Plaintiff's functional limitations and restrictions due to pain or other symptoms were also considered. (Tr. 19).

With respect to daily activities, the ALJ found Plaintiff had mild restrictions. (Tr. 16). He noted that Plaintiff had no difficulties with personal care, did house and yard work, shopped for groceries, and drove his daughter to school. (Tr. 16-17, 23). The ALJ also discussed all of the medical records and objective medical evidence in this case. With respect to the side effects of medication, Plaintiff argues that the medications made him sleepy and that the ALJ failed to address this. It is noteworthy that in the Mental Diagnostic Evaluation conducted by W. Charles Nichols, Psy.D., dated January 13, 2014, Plaintiff reported he was taking Sertaline and Trazodone, that they had been effective, and denied side effects. (Tr. 623).

Based upon the foregoing, and the record as a whole, the Court finds that there is substantial evidence to support the ALJ's credibility analysis.

### C. RFC Determination:

Plaintiff argues that the ALJ failed to appropriately consider his mental imapirments, specifically anxiety, in determining his RFC. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in

the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

Prior to the relevant time period, Plaintiff underwent a Psychological Screening by Leslie S. Johnson, MS, and Letitia C. Hitz, Ph.D. (Tr. 368). It was found that Plaintiff would likely be successful in programmed or mastery learning approaches, and should be allowed sufficient time and "hands on" experience in a work setting. (Tr. 369). It was also reported that Plaintiff was generally functioning in the below average to average range of intellectual and academic ability. (Tr. 370). Plaintiff was diagnosed as follows:

>Axis I:       Anxiety Disorder Not Otherwise Specified
>              Disorder of Written Expression
>
>Axis II:      No diagnosis

8

    Axis III:    Deferred to Physician

(Tr. 370). Based upon the test results, it was reported that Plaintiff would probably find college coursework very difficult, and would likely be more successful in skilled training, such as that available at a vo-tech school. (Tr. 371). The examiners recommended extensive vocational guidance and counseling, and if Plaintiff was provided those services, it was felt that he may reasonably be expected to sustain independent functioning by means of competitive employment. (Tr. 371).

During the summer months of 2013, Plaintiff received counseling at Vista Health. (Tr. 406, 408, 412-413, 415). On July 25, 2013, Eugenia O'Shea Cottrell, LCSW, reported that Plaintiff and his wife agreed that Plaintiff needed to be admitted to an inpatient setting. (Tr. 406). However, Plaintiff decided to receive outpatient counseling from Dr. Thomas Lawson instead. (Tr. 257, 400).

As stated earlier, on January 13, 2014, Plaintiff underwent a Mental Diagnostic Evaluation by W. Charles Nichols, Psy.D. (Tr. 622). Dr. Nichols reported there were no signs of physical discomfort/pain, Plaintiff's gait was normal, and his seated posture was upright. (Tr. 624). Dr. Nichols diagnosed Plaintiff as follows:

    Axis I:    Dysthymic Disorder, Early Onset
                  Generalized Anxiety Disorder
    Axis II:    no diagnosis
    Axis V:    55-60 (Current)

(Tr. 626).

Dr. Nichols reported that Plaintiff: needed minimal to no support in order to complete his essential daily tasks; had capacity to interact and communicate with others adequately;

9

was likely able to complete simple, routine tasks without outside assistance or supervision, and his concentration was adequate; appeared to possess adequate mental effort and resources to complete tasks that required sustained mental effort and attention to detail; and would likely be able to complete simple, routine job-like tasks in a timely manner. (Tr. 626-627).

On February 7, 2014, non-examining consultant, Jerry Henderson, Ph.D., completed a Mental RFC Assessment, finding no indication of marked level limitations, and that Plaintiff was capable of performing unskilled work. (Tr. 97, 99). This opinion was supported by non-examining consultant, Dan Donahue, Ph.D. (Tr. 146). Dr. Henderson also completed a Psychiatric Review Technique Form. (Tr. 95).

In his decision, the ALJ discussed the evaluations performed by the above individuals (Tr. 20), and gave substantial weight to the opinions of Dr. Hitz and Ms. Johnson, Dr. Nichols, Dr. Henderson and Dr. Donahue. (Tr. 24). Plaintiff does not point to any specific medical evidence that the ALJ purportedly omitted or overlooked in his decision, except he does refer to the examination of "Dr. Brown." There is no evaluation contained in the record by a Dr. Brown.

In addition, the ALJ also considered and discussed the comments of Plaintiff's wife, daughter and mother-in-law, and concluded that although Plaintiff was limited, he was not limited to the extent alleged. (Tr. 24). Finally, the ALJ limited Plaintiff to unskilled work, which is consistent with the medical records.

The Court finds that there is substantial evidence to support the ALJ's RFC regarding Plaintiff's mental impairments.

### D. Hypothetical Question to VE:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court also finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that there were jobs Plaintiff would be capable of performing, such as price marker, plastics molding machine tender, and hotel housekeeper. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 24th day of May, 2016.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE